IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> HIBBING TACONITE COMPANY, </br></br> Defendant. | Civil Action No. _____ </br></br> **COMPLAINT** </br></br> **Jury Trial Demand** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to James Edstrom who was adversely affected by such practices.  Hibbing Taconite Company discriminated against Mr. Edstrom, who is substantially limited in the major life activities of hearing and speaking, by failing to interview him because of his disabilities, then subsequently interviewing him but failing to provide him with effective reasonable accommodations in the application process, and then rejecting him for positions for which he was qualified because of his disabilities.  Hibbing Taconite violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

It adversely affected Mr. Edstrom's status as an applicant for employment because of his disability, 42 U.S.C. § 12112(b)(1), it used standards that have the effect of discriminating, 42 U.S.C. § 12112(b)(3)(A), it failed to make full and appropriate reasonable accommodations for  Mr. Edstrom's disabilities in the application and hiring process, 42 U.S.C. § 12112(b)(5)(A), 42 U.S.C. § 12112(b)(5)(B), it used qualification standards that

1

screened Mr. Edstrom out because of his disability, 42 U.S.C. § 12112(b)(6) and it failed to select and administer tests concerning employment to ensure that the test accurately reflects the skills, aptitude or other factor that the test purported to measure, 42 U.S.C. § 12112(b)(7).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PARTIES

2. Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA, and is expressly authorized to bring this action by Sections 706 of Title VII, 42 U.S.C. §§2000e-5, which are incorporated by reference in Section 107 of the Americans with Disabilities Act (ADA), 42 U.S.C. §12117.

3. At all relevant times, Defendant, Hibbing Taconite Company, has continuously had at least fifteen employees.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, James Edstrom filed a charge with the EEOC alleging violations of the ADA by Hibbing Taconite Company. All conditions precedent to this suit have been fulfilled.

6. Since at least January 2006, Hibbing Taconite Company has engaged in unlawful practices at its Hibbing, Minnesota facility in violation of Section 102(a), 42 U.S.C. 12112(a), of the ADA.

7. James Edstrom has an impairment which substantially limits him in the major life activities of hearing and speaking.  Mr. Edstrom is a qualified individual with a disability within the meaning of Title I of the ADA.

8. Mr. Edstrom sought employment at Hibbing Taconite.  Hibbing Taconite initially refused to interview Mr. Edstrom because of his disability.

9. Hibbing Taconite did not interview Mr. Edstrom until after he filed a charge of discrimination.

10. Hibbing Taconite administered tests to Mr. Edstrom that were not job-related and consistent with business necessity.

11. Hibbing Taconite failed to select and administer tests concerning impairment in the most effective manner to ensure that, when the test was administered to Mr. Edstrom, the test results accurately reflected the skills, aptitude and other factors that the test purported to measure.

12. Hibbing Taconite refused to provide Mr. Edstrom with the additional time to take the test as a reasonable accommodation for his disabilities.

13. Hibbing Taconite refused to engage Mr. Edstrom in an interactive dialogue regarding his ability to perform the essential functions of the job sought with or without reasonable accommodation.

14. Hibbing Taconite refused to hire Mr. Edstrom because of his disability.

15. The effect of the practices complained of in paragraph(s) 5-14 above has been to deprive Mr. Edstrom of equal employment opportunities and otherwise adversely affect his status as an applicant for employment.

16. The unlawful employment practices complained of in paragraphs 5-14 were intentional.

17. The unlawful employment practices complained of in paragraphs 5-14 above were done with malice or with reckless indifference to the federally protected rights of James Edstrom.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Hibbing Taconite Company its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in refusing to interview persons because of their disabilities, or failing to engage persons with disabilities in the interactive process, or failing to provide persons with reasonable accommodations, or using qualification standards, employment tests or other selection criteria that screens out or tends to screen out an individual with a disability, or failing to select and administer tests in the most effective manner to assure that the test

accurately reflects the skills of the applicant with a disability, and/or engaging in any other employment practice which discriminates on the basis of disability.

      B.      Order Defendant Hibbing Taconite Company to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant Hibbing Taconite Company to make whole James Edstrom, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement.

      D.      Order Defendant Hibbing Taconite Company to make whole James Edstrom by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      E.      Order Defendant Hibbing Taconite Company to make whole James Edstrom by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial

      F.      Order Defendant Hibbing Taconite Company enter to pay James Edstrom punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        James Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        1801 L Street N.W.
        Washington, DC  20507


          s/John C. Hendrickson
        John C. Hendrickson
        Regional Attorney


          s/Jean P. Kamp
        Jean P. Kamp
        Associate Regional Attorney

        Chicago District Office
        500 West Madison Street, Suite 2000
        Chicago, IL  60661
        (312) 353-8551


          s/Laurie A. Vasichek
        Laurie A. Vasichek (#0171438)
        Senior Trial Attorney

        Minneapolis Area Office
        330 Second Avenue South, Suite 720
        Minneapolis, MN  55401
        (612) 335-4061
        Facsimile:  (612) 335-4044