# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Equal Employment Opportunity Commission,

        Plaintiff,

and

James Edstrom,

        Plaintiff-Intervenor,

v.

Hibbing Taconite Company,

        Defendant.

Civ. No. 09-729 (RHK/RLE)
**ORDER**

This matter is before the Court on Defendant's Motion Requesting at Least Three Additional Trial Days and Requesting a Site Visit (Doc. No. 123). For the reasons stated on the record at the hearing on June 28, 2010, the former request is **DENIED** as moot. To reiterate, however: the Court continues to believe that this case can be tried in five days or less, particularly now that an additional day has been allotted for jury selection, but it will not impose a rigid time limit on the trial at this juncture.

As for the jury site visit, that request is **DENIED**. The parties recognize that an off-site jury visit is within the Court's discretion. E.g., United States v. Triplett, 195 F.3d 990, 999 (8th Cir. 1999). Such visits "are rare," however. Eagle N. Am., Inc. v. Tronox, LLC, No. 407CV131, 2008 WL 1891475, at *4 (S.D. Ga. Apr. 29, 2008); accord, e.g., Vassallo v. Niedermeyer, 495 F. Supp. 757, 760 (S.D.N.Y. 1980) (noting that site visits

are "highly unusual"). A district court properly denies a request for a jury site visit when it would be time consuming and "cumulative of photographic evidence and the testimony." United States v. Johnson, 767 F.2d 1259, 1273 (8th Cir. 1985).

Here, the parties apparently plan to introduce dozens (if not hundreds) of photographs depicting Defendant's mine and the equipment used there in the positions for which Edstrom applied. Defendant also apparently plans to introduce into evidence videos showing the mine in operation. The Court has personally toured the mine and believes that photographic and videographic evidence is sufficient to explain the size of the mine, the large equipment used there, the dangers inherent in using that large equipment, and the mine's operations. See Medicap Pharmacies, Inc. v. Faidley, 416 F. Supp. 2d 678, 689 (S.D. Iowa 2006) ("[P]hotographs are a suitable and accurate substitute for on-location jury visits."); Bruemmer v. Marriott Corp., No. 90 C 4190, 1991 WL 30141, at *4 (N.D. Ill. Mar. 4, 1991) (noting that "the use of video-cassette tapes, models and photographs" are "common means of providing jurors with representations of accident sites, which are often used to avoid the time and expense of transporting jurors to the actual site"). Moreover, even if a jury site visit were to obviate the need for such evidence, Defendant's witnesses inevitably would still be required to testify about the mine's operations and equipment in order to address the issue of reasonable accommodation, and a jury site visit would be cumulative of such testimony. Johnson, 767 F.2d at 1273. Finally, putting aside the dangers inherent in transporting eight jurors to an active taconite mine with heavy equipment in operation, such a visit would require

many hours of travel time and raise logistical problems with respect to the evidentiary record on appeal.  Simply put, the benefits of a jury site visit, if any, are in the Court's view too meager to justify the disruption and delay in trial and evidentiary complexities such a visit would engender.  Accordingly, the request is denied.

The Court pauses to address two final matters.  First, as noted at the June 28 hearing, Defendant's Motion to Exclude the testimony of the EEOC's proposed expert witness (Doc. No. 66) remains pending.  Defendant indicated at the hearing, however, that it intends to file a Motion *in limine* to exclude that testimony.  Accordingly, the Court considers the previously filed Motion to Exclude to be moot, and it is **DENIED** on that basis.  The Court will rule on the admissibility of the witness's testimony in connection with the soon-to-be-filed Motion *in limine*.  Second, the Court takes this opportunity to alert the parties that it intends to hold a final pre-trial conference outlining trial procedures and resolving the parties' pre-trial Motions, but it has not yet decided whether to hold that conference on Thursday, July 22, 2010, or following jury selection on Friday, July 23, 2010.  The answer to that question largely depends upon the number and complexity of the yet-unfiled Motions.  The Court will advise the parties when it intends to hold the conference after their pre-trial Motions have been fully briefed.

Dated: July 1, 2010                              s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge