**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Equal Employment Opportunity Commission,

        Plaintiff,

and

James Edstrom,

        Plaintiff-Intervenor,

v.

Hibbing Taconite Company,

        Defendant.

Civ. No. 09-729 (RHK/LIB)
**MEMORANDUM OPINION
AND ORDER**

Laurie A. Vasichek, Jessica A. Palmer-Denig, Equal Employment Opportunity Commission, Minneapolis, Minnesota, for Plaintiff.

Donald R. Gilbert, Jessica L. Post, Fennemore Craig, PC, Phoenix, Arizona, R. Thomas Torgerson, Hanft Fride PA, Duluth, Minnesota, for Defendant.

      This matter is before the Court on the Motion of Defendant Hibbing Taconite Company ("Hibbing") for an award of Attorney Fees, Expenses, and Non-Taxable Costs (Doc. No. 267) against Plaintiff Equal Employment Opportunity Commission (the "EEOC").[1]  For the reasons set forth below, the Motion will be denied.

      The case background is set forth in detail in the Court's June 2, 2010 Order

---

[1] Hibbing does not seek fees from Plaintiff-Intervenor James Edstrom.

granting in part and denying in part Hibbing's Motion for Summary Judgment, and need not be repeated here; familiarity with that Order is assumed. See EEOC v. Hibbing Taconite Co., __ F. Supp. 2d __, 2010 WL 2265153 (D. Minn. June 2, 2010).

Following the partial denial of summary judgment, the matter was tried to a jury over a six-day period. The jury returned a verdict in favor of Hibbing, which the Court later adopted. (See Doc. No. 250.) Hibbing now seeks an award of more than $500,000 in attorneys' fees and costs for more than 2,000 hours claimed by its counsel defending certain of the EEOC's claims, which it labels as "frivolous."

The Americans with Disabilities Act ("ADA"), under which the EEOC commenced this action, provides that "the court . . ., in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. There is no dispute that Hibbing is the "prevailing party" here. Yet,

> although both employers and employees may "prevail" and therefore recover fees under the [ADA], the standard for awarding fees to employers is higher: an award of fees to an employer is appropriate only when the suit is brought in bad faith or when it is frivolous, unreasonable, or without foundation.

Adkins v. Briggs & Stratton Corp., 159 F.3d 306, 307 (7th Cir. 1998) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)); accord, e.g., Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994).[2] Simply put, a prevailing defendant is entitled to recover attorneys'

---

[2] While Christiansburg and Marquart were Title VII cases, the ADA "incorporates by reference Title VII's attorney fee provision." Finan v. Good Earth Tools, Inc., No. 4:06-CV-878, 2008 WL 1805639, at *12 (E.D. Mo. Apr. 21, 2008) (citing 42 U.S.C. § 12117(a)). Hence, courts

fees in an ADA case "only in very narrow circumstances." Quasius v. Schwan Food Co., Civ. No. 08-575, 2010 WL 3218591, at *1 (D. Minn. Aug. 13, 2010) (Ericksen, J.); accord, e.g., EEOC v. Exel, Inc., No. 4:01CV0154, 2002 WL 31856870, at *1 (E.D. Mo. Sept. 9, 2002) (ADA defendant "should receive fees only under the most compelling of circumstances") (internal quotation marks and citation omitted).

Here, Hibbing argues that it is entitled to fees for two reasons: (1) the EEOC's claims regarding the "plant positions" were frivolous because Edstrom acknowledged that he was not qualified to perform them; and (2) the EEOC's claim regarding its pre-employment testing was frivolous because the EEOC failed to investigate the claim before bringing it. (See Def. Mem. at 19-20.) Both lack merit.

Taking Hibbing's second argument first, the EEOC's alleged failure to investigate the test-related claim, even if true, does not mean that it was "frivolous" *ipso facto*. Such a failure (assuming it occurred) might entitle Hibbing to fees under Federal Rule of Civil Procedure 11, but it expressly disavows seeking fees under that rule. (Id. at 20.) In any event, as the Court noted at summary judgment, the EEOC relied upon United States v. City & County of Denver, 943 F. Supp. 1304 (D. Colo. 1996), to support its claim. See 2010 WL 2265153, at *8-9. While the Court ultimately agreed with Hibbing that City & County of Denver was not directly applicable, it was nevertheless sufficiently analogous that the claim cannot be said to have lacked even "arguable legal merit." Hall v. Hormel

---

routinely look to Title VII cases when resolving fee motions under the ADA. See, e.g., Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001).

Foods Corp., No. 8:98CV304, 2000 WL 1062103, at *10 (D. Neb. July 10, 2000) (quoting Jones v. Tex. Tech Univ., 656 F.2d 1137, 1146 (5th Cir. 1981)).

As for the plant-position claims,³ the Court does not agree with Hibbing that such claims were legally untenable. While they were dismissed by the Court at summary judgment, that fact is not dispositive. See, e.g., Williams v. City of Carl Junction, Mo., 523 F.3d 841, 843 (8th Cir. 2008) ("Even '[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation" as required by Christiansburg.'") (quoting Hughes v. Rowe, 449 U.S. 5, 15-16 (1980) (*per curiam*)); Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC, 471 F.3d 843, 847-48 (8th Cir. 2006) (affirming denial of attorneys' fees despite dismissal of plaintiff's claims at summary judgment).

Hibbing argues that the claims were frivolous because Edstrom admitted in his deposition (and earlier) that he could not perform the essential functions of the plant positions and, accordingly, he was not a "qualified individual with a disability" under the ADA. Yet, there has never been any dispute that Hibbing failed to engage in the required "interactive process." This in and of itself undermines the contention that Edstrom could not have performed the positions with accommodation. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 318 (3d Cir. 1999) (noting that it cannot be "readily decide[d] . . . that accommodation was not possible" when employee proffers evidence that employer

---

³ The plant positions were inside Hibbing's taconite processing plant, rather than the mine pit.

"did not act in good faith in the interactive process"). Moreover, although the Court held at summary judgment that Edstrom had not made a sufficient factual showing that he was qualified for the positions, he did proffer some (albeit limited) evidence that he had sought accommodation for them (see Edstrom Dep. Tr. at 215-16). As in Flug v. Cabela's, Inc., No. 4:07CV3070, 2008 WL 1766755, at *2 (D. Neb. Apr. 14, 2008), Edstrom's deposition "admissions," while possibly having made it "difficult for him to establish a prima facie case of disability discrimination," did not render these claims frivolous.

Regardless, assuming *arguendo* that the EEOC did, in fact, assert one (or more) frivolous claims, the Court would still decline to award fees here. It is important to note that a finding of frivolousness is *necessary* for a fee award, but it does not *mandate* one. As the Seventh Circuit stated in Adkins:

> [D]oes a frivolous finding necessarily mean that [the defendant] is entitled to fees? In a word: no.
>
> Nothing in § 12205 suggests that the court **must** award fees to a party defending against a frivolous claim; indeed, the statute expressly states that the court "**in its discretion** may allow the prevailing party . . . a reasonable attorney's fee . . ." (emphasis added). Similarly, Christiansburg counsels that fees are **appropriate** – not mandatory – when a claim is frivolous. In exercising its discretion, the court is free to weigh equitable considerations . . . and to award a nominal fee – or even no fee – if the court, for acceptable reasons, deems it appropriate.

159 F.3d at 307-08; accord, e.g., No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 500 n.8 (5th Cir. 2001); Tang v. State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 14-15 (1st Cir. 1998); Marquart, 26 F.3d at 854. In the Court's view, there are two

5

reasons why an award of fees would be inappropriate here.

First, all of the EEOC's claims arose out of a flawed interview process, as Hibbing conceded at trial. Hibbing initially offered Edstrom an interview and then, upon learning that he was deaf, rescinded that offer. While that fact alone may have been insufficient to establish liability under the ADA, it nevertheless cast a pall over all of Hibbing's subsequent hiring decisions, including its failure to hire Edstrom for the plant positions. It is not surprising, then, that the EEOC would press those claims, even in the face of Edstrom's so-called "admissions."

Second, Hibbing seeks fees from the EEOC, a government agency tasked with enforcing the anti-discrimination laws. As the Supreme Court noted in Christiansburg, an award of fees from the EEOC "must be paid by the Commission's litigation budget, [which] will inevitably divert resources from the agency's enforcement of" those laws. 434 U.S. at 422 n.20. A court, therefore, "may consider distinctions between the Commission and private plaintiffs in determining the reasonableness of the Commission's litigation efforts." Id. That distinction is particularly apt with respect to the pre-employment-testing claim here. Although the testing did not directly affect Edstrom (since Hibbing did not rely on the test results when denying him employment), the EEOC nevertheless pressed the claim to preclude such testing *on others in the future*. This helps explain why the EEOC argued aggressively for an extension of City & County of Denver, even if that extension proved unavailing. The Court will not lightly "condemn [such] zealous representation," even though it had a "resulting effect" on Hibbing. EEOC v.

U.S. Bell Corp., No. 2:03-CV-237, 2006 WL 1043926, at *5 (N.D. Ind. Apr. 13, 2006); see also EEOC v. Eagle Quick Stop, No. 2:05cv2074, 2007 WL 4268778, at *2 (S.D. Miss. Nov. 30, 2007) ("When considering whether to award fees for a prevailing defendant, the district court must exercise caution to avoid the possible 'chilling effect' the award creates.").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Hibbing's Motion for Attorney Fees, Expenses, and Non-Taxable Costs (Doc. No. 267) is **DENIED**.[4]

Dated: September 21, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[4] The Court notes that the Objections to Hibbing's Bill of Costs remain pending. The Court, rather than the Clerk, will resolve those Objections and determine whether to tax costs at all and, if so, in what amount. See, e.g., Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988) (Morris Sheppard Arnold, J.) (collecting cases recognizing that district court may act on bill of costs before court clerk).