**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Equal Employment Opportunity Commission,

        Plaintiff,

and

James Edstrom,

        Plaintiff-Intervenor,

v.

Hibbing Taconite Company,

        Defendant.

Civ. No. 09-729 (RHK/LIB)
**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Objections of Plaintiff Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor James Edstrom (Doc. Nos. 257, 258) to the Amended Bill of Costs (Doc. No. 275) of Defendant Hibbing Taconite Company ("Hibbing").[1] For the reasons set forth below, the Objections will be sustained in part and overruled in part.

The background in this case has been the subject of several prior Orders and will not be repeated here. Familiarity with the prior proceedings is assumed.

Following trial, Hibbing filed a Bill of Costs seeking to recover $36,079.16 it expended in connection with this case. It later supplemented, and then amended, the Bill

---

[1] Hibbing filed a Bill of Costs (Doc. No. 254) that it later supplemented (Doc. No. 255) and then amended (Doc. No. 275). The Amended Bill of Costs is the currently operative document.

of Costs; it now seeks $44,524.16. The EEOC has lodged several Objections to the Amended Bill of Costs, which are discussed in turn below.[2]

    1.    <u>Propriety of costs.</u> The prevailing party in federal court generally is entitled to recover the costs set forth in 28 U.S.C. § 1920. <u>See</u> Fed. R. Civ. P. 54(d)(1); <u>Thompson v. Wal-Mart Stores, Inc.</u>, 472 F.3d 515, 517 (8th Cir. 2006) (prevailing party "is presumptively entitled to recover all [such] costs") (citation omitted); <u>Marmo v. Tyson Fresh Meats, Inc.</u>, 457 F.3d 748, 762 (8th Cir. 2006). Nevertheless, a district court enjoys discretion to reduce or deny costs in appropriate circumstances. <u>E.g.</u>, <u>id.</u>; <u>Concord Boat Corp. v. Brunswick Corp.</u>, 309 F.3d 494, 497-98 (8th Cir. 2002).

There is no dispute that Hibbing is the prevailing party here. The EEOC argues, however, that the Court should decline to tax costs because this was a "close" case in which Hibbing purportedly "decided to spare no expense" in discovery and at trial. (EEOC Mem. at 3-5.) But the relatively small amount of costs Hibbing has requested undermines the contention that it "spared no expense" litigating this matter, especially in light of the amount of time the case was pending, the substantial volume of discovery taken, and the length of the trial. Moreover, the Court does not believe that the so-called "closeness" of this case is sufficient to overcome the presumption that costs should be taxed. Indeed, courts routinely tax costs in "close" cases. <u>See, e.g.</u>, <u>Marmo</u>, 457 F.3d at 762-63 (affirming district court's award taxing more than $20,000 in costs after trial in

---

[2] Edstrom also has objected to the Bill of Costs, but he has simply adopted the EEOC's Objections. (<u>See</u> Doc. No. 258.) Accordingly, and for ease of reference, the Court refers to the Objections as having been filed only by the EEOC.

which plaintiff achieved only "limited success"). Accordingly, the Court concludes that costs should be taxed here.[3]

2.  Deposition costs. The EEOC disputes certain costs associated with witness depositions. Only some of its contentions have merit.

First, the EEOC argues that Hibbing should not recover costs incurred for a "realtime" copy of Edstrom's deposition transcript. Under 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable. The Court agrees with the EEOC that a realtime transcript was merely for the convenience of counsel and was unnecessary. Accordingly, the Court will deduct $481.25 for the realtime charge. See Brown v. McGraw-Hill Cos., 526 F. Supp. 2d 950, 958 (N.D. Iowa 2007) (declining to award realtime transcript costs).[4]

Second, the EEOC argues that Hibbing cannot tax the costs of *both* the stenographic *and* videotape transcripts of certain depositions. There is a split of authority as to whether both costs may be recovered under Section 1920(2) (see Hibbing Mem. at 6-7), and the Eighth Circuit has not addressed the question.[5] In the Court's view, the express language of 28 U.S.C. § 1920(2) precludes an award of both costs. The statute

---

[3] The EEOC also argues that the Court should deny costs altogether (or in part) because they are insufficiently itemized or documented to be taxed. The Court rejects that contention and finds that Hibbing has provided adequate support for the costs it seeks.

[4] The EEOC also argues that the Court should reject a "realtime" charge for Cynthia Compton-Conley's deposition, but Hibbing is not seeking to tax that cost.

[5] In Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-98 (8th Cir. 2009), the Eighth Circuit held that video-deposition costs may be taxed, but it did not address whether *both* stenographic and video transcript costs are taxable for one deposition.

provides that the prevailing party may recover "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case." (emphasis added). "On its face, the use of the disjunctive 'or' in § 1920(2) makes it clear that the prevailing party has to make a choice between recovering the costs of the printed transcript of a deposition or the cost of video-recording it." Chism v. New Holland N. Am., Inc., No. 2:07CV00150, 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010); accord, e.g., EEOC v. CRST Van Expedited, Inc., No. 07-CV-95, 2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010); Thomas v. Newton, No. 4:07CV556, 2009 WL 1851093, at *3-4 (E.D. Mo. June 26, 2009). Insofar as most of the videotape transcripts were not used at trial, the Court will deduct $4,719.34 in videotape costs (rather than stenographic costs) from Hibbing's Amended Bill of Costs, which amount is set forth in the Itemization of Costs attached thereto.

Third, the EEOC argues that certain deposition costs should not be taxed because (1) the depositions were taken after Hibbing's Motion for Summary Judgment was fully briefed and/or (2) the deponents were not called to testify at trial – it labels both types of depositions "purely investigative." (See EEOC Mem. at 10-11 (citing Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)).) But the fact that the depositions were not used at summary judgment or at trial is not dispositive. See Smith, 436 F.3d at 889. In the Court's view, there can be little doubt that these witnesses possessed information relevant to the claims or defenses in this case; indeed, *the EEOC noticed many of the depositions.* A large number of the deponents (Romani, Carlson,

Latendresse, Lerick, and Drews) were current or former Hibbing employees with information about its operations. Moreover, several of the depositions unearthed information relevant to the parties' Motions in Limine or other matters in the case, such as punitive damages. Simply put, the depositions were, in the Court's view, "necessarily obtained for use in th[is] case." Accordingly, the Court will not deduct the costs of these depositions from the taxable costs.

Fourth, the EEOC objects to certain "ancillary" costs incurred in connection with depositions, such as condensed transcripts and extra DVD copies. (EEOC Mem. at 12-13.) But Hibbing is not seeking to recover such costs, save one: the fee for "synchronizing" the stenographic transcript of Edstrom's deposition to the videotape thereof. For the same reasons the Court rejects taxation of video-deposition costs, it also rejects this cost. Accordingly, it will deduct $513.34 for this charge.

3. Hearing/trial transcripts. Hibbing next seeks to tax the costs of (1) the transcript of the hearing on its Motion for Summary Judgment, (2) the transcript of the hearing on its Motion for a jury site visit and additional trial days, (3) the transcript of the hearing on the parties' Motions in Limine, and (4) daily trial transcripts. The Court determines that the first three items may be taxed, while the final one may not.

At the summary-judgment hearing, the Court made comments regarding the scope of expert-witness testimony that would be permitted at trial and, accordingly, it was reasonable for Hibbing to obtain the transcript of that hearing.[6] The same is true of the

---

[6] The EEOC notes that the parties have already split the cost of this transcript, but that is

Motion in Limine hearing, which set forth the Court's rulings with respect to the evidence that would be allowed at trial, as well as the hearing on the site visit, at which the Court commented about the EEOC's expert. The Court agrees with Hibbing that transcripts of these hearings were "necessarily obtained for use in th[is] case."

The Court reaches a contrary conclusion with respect to daily trial transcripts, however, as it concludes they were obtained primarily for counsel convenience. Costs for daily transcripts are "not customar[ily]" awarded. John G. v. Bd. of Educ. of Mount Vernon Pub. Schs., 891 F. Supp. 122, 123 (S.D.N.Y. 1995) (citation omitted). While Hibbing may have used "dailies" to prepare its cross-examination of Edstrom and for other phases of its case (see Hibbing Mem. at 16-17), it has failed to show why its counsel were unable to take notes at trial sufficient for those purposes, particularly when it had two lawyers in the courtroom at all relevant times. See John G., 891 F. Supp. at 123; Zapata Gulf Marine Corp. v. P.R. Maritime Shipping Auth., 133 F.R.D. 481, 484 (E.D. La. 1990). Indeed, counsel should have been well-versed in each witness's trial testimony, as all of the witnesses were deposed before trial; Hibbing has nowhere showed that any witness's testimony differed substantially from that in his or her deposition

Accordingly, the Court will deduct $11,954.70 for daily trial transcripts.

4. <u>Interpreter costs.</u> Because Edstrom is deaf, two sign-language interpreters were required for his deposition and trial testimony. While the Court provided the

---

irrelevant. Since the Court concludes that this cost is taxable, Hibbing should not be required to bear *any* of it (whether in half or in full). Notably, Hibbing seeks to recover only the half of the transcript cost it has already paid, not its full cost.

interpreters at trial, Hibbing seeks to tax $5,201.51 it expended for interpreter services during Edstrom's deposition.[7] The EEOC objects to these costs on several grounds, but the Court rejects its objections.

The EEOC first contends that the hourly rate charged for one of the interpreters was unreasonable, since the interpreter came from out of town (and charged out-of-town rates). (EEOC Mem. at 21-22.) Yet, Hibbing contends it had difficulty locating two local interpreters, a problem that the Court itself grappled with when attempting to locate two interpreters for trial. Moreover, the hourly rate charged by the out-of-town interpreter, while higher than the local interpreter ($150/hour versus $70/hour), is not unreasonable in the Court's view.

The EEOC also argues that Hibbing should not be permitted to recover interpreter expenses beyond those incurred translating Edstrom's testimony, such as lodging costs, meals, and the like. (Id. at 22.) As the parties correctly note, there is a split of authority whether such costs fall within the ambit of "compensation of interpreters" in 28 U.S.C. § 1920(6). The Court concludes that the better rule is to "include all of the expenses billed by the interpreter . . . , including reasonable travel expenses, parking, and meals that were reasonably necessary in connection with the provision of services." Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1155 (N.D. Cal. 2010).

---

[7] Under 28 U.S.C. § 1920(6), the "[c]ompensation of interpreters" may be taxed.

For these reasons, the Court will not deduct any interpreter expenses from the Amended Bill of Costs.

5. *Pro hac vice* fees. The EEOC objects to taxing the Clerk of Court's $200 fee for Hibbing's out-of-state counsel to be admitted *pro hac vice* in this case. Because such a fee may be taxed under 28 U.S.C. § 1920(1), the Court rejects this argument. See Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009).

6. Disbursement and printing costs. The EEOC objects to a $23.20 printing charge incurred by Hibbing to enlarge an exhibit used during Edstrom's cross-examination.[8] 28 U.S.C. § 1920(4) permits the taxation of costs for the "exemplification" of copies of documents, but generally does not permit recovery for exhibit enlargement for counsel convenience. See, e.g., Wheeler v. Carlton, No. 3:06-CV-68, 2007 WL 1020481, at *10 (E.D. Ark. Apr. 2, 2007) (collecting cases). In the Court's view, no enlargement was necessary to "identif[y] Mr. Edstrom's proposed accommodations and [review] them in a check-list fashion." (Hibbing Mem. at 21.) Accordingly, the Court will deduct $23.20 from the taxable costs.

7. Courtroom technology. The EEOC objects to $9,531 expended by Hibbing for onsite trial support services, exhibit and video preparation, and equipment rental. The Court agrees that the expenses Hibbing incurred renting multimedia equipment are taxable, since (1) photographic and video evidence were helpful to the jury in this case, in

---

[8] Hibbing initially sought approximately $105 for this exhibit, but it reduced the claimed amount in response to the EEOC's Objections. (See Doc. No. 273 at 20-21.)

order to understand the size and scope of the equipment in use at Hibbing's mine, and (2) the Duluth courthouse lacks multimedia equipment to easily display such evidence. See, e.g., Thabault v. Chait, Civ. A. No. 85-2441, 2009 WL 69332, at *9-10 (D.N.J. Jan. 7, 2009) (taxing such costs under 28 U.S.C. § 1920(4)). Similarly, the Court rejects the EEOC's objection to the costs Hibbing incurred preparing video and photographic evidence for introduction at trial. Indeed, it is somewhat ironic that the EEOC objects to those costs, which were necessary for the jury to fully understand and appreciate the size of Hibbing's mine and the equipment used therein. Such costs could have been avoided by a tour of the mine, but the EEOC objected to Hibbing's request for a tour.

The Court agrees with the EEOC, however, that onsite trial support services were unnecessary to fairly and adequately present this case, particularly in light of the support team Hibbing's counsel had available at trial. Accordingly, the Court will deduct $2,046 from the taxable costs for onsite trial support.[9]

8.  Eric Carmichel. Hibbing's expert witness used special equipment to play sounds for the jury, demonstrating the decibel levels that Edstrom is capable of hearing. Eric Carmichel, who works for Hibbing's expert, billed $637.50 to set up the equipment necessary to play these sounds. The EEOC objects to such costs as expert fees, which generally are not taxable under Section 1920. See, e.g., Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1033 (8th Cir. 2003) ("[T]he term 'costs' should be construed narrowly as

---

[9] This comprises the following amounts for onsite trial support: $165 on 7/23/10; $841.50 on 7/26/10; $330 on 7/27/10; $495 on 7/28/10; and $214.50 on 7/29/10.

not including expert witness fees.") (citation omitted). The Court agrees and, accordingly, it will deduct $637.50 from the amount Hibbing seeks.

        9.      <u>Costs will be taxed against the EEOC alone.</u>  Based on the foregoing and the Court's determination that the remaining costs Hibbing seeks are taxable, the Court will tax $24,148.83 in costs.[10]  Yet, one question remains: should the EEOC or Edstrom be responsible for this amount, or should costs be taxed against them both (in equal or unequal amounts)?

The Eighth Circuit has instructed that "[j]oint and several liability for costs is the general rule unless equity otherwise dictates," <u>Concord Boat</u>, 309 F.3d at 497, suggesting that costs should be taxed against both the EEOC and Edstrom. However, the Court believes that equity requires only the EEOC to pay Hibbing's costs here. Notably, the EEOC commenced this case and took the lead prosecuting it. Edstrom intervened well after the case had begun, and his claims did not add to the discovery or motion practice that otherwise would have been required. Moreover, at various points in the case, the EEOC asserted that Edstrom's participation in the case did not change the nature of the potential relief. The EEOC alone should be required to bear the costs in these circumstances. <u>See</u> <u>id.</u> (reversing cost award that apportioned costs unequally among plaintiffs represented by the same counsel, bringing the same claims, and seeking the

---

[10] This represents $44,524.16 sought by Hibbing, minus $481.25 for realtime costs; $4,719.34 for videotape depositions; $513.34 for the synchronization fee; $11,954.70 for daily transcripts; $23.20 for copying costs; $2,046 for on-site trial support; and $637.50 for Carmichel. To be clear, the Court does not mean to suggest that any of the deducted costs were unreasonably or irrationally incurred by Hibbing. Rather, this Order merely recognizes that certain costs must be

same discovery, and favorably citing White v. Sundstrand Corp., 256 F.3d 580, 586 (7th Cir. 2001), for the proposition that "individual costs awards may be appropriate when different groups of plaintiffs raise distinct issues that give rise to segregable costs of litigation"). Furthermore, the EEOC is far better able to shoulder the burden of these costs than Edstrom, an individual of limited means. And, despite submitting a 30-page Memorandum, the EEOC has nowhere argued that Edstrom should be responsible for some portion of the costs.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Objections (Doc. Nos. 257, 258) to Hibbing's Amended Bill of Costs (Doc. No. 275) are **SUSTAINED IN PART** and **OVERRULED IN PART**. It is further **ORDERED** that the Clerk of Court tax $24,148.83 in costs against the EEOC.


Dated: October 21, 2010　　　　　　　　　　　s/Richard H. Kyle
　　　　　　　　　　　　　　　　　　　　　　RICHARD H. KYLE
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

deducted because 28 U.S.C. § 1920 limits the costs that may be taxed against the losing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987).